O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR14,<br><br>Plaintiffs,<br>v.<br>ESTRELITA V. JACOB; EDGAR E. JACOB; DOES 1 TO 10, INCLUSIVE,<br><br>Defendants. | Case No. 5:13-cv-02191-ODW(JCx)<br><br>**ORDER REMANDING ACTION TO SAN BERNARDINO COUNTY SUPERIOR COURT** |

On November 27, 2013, Defendants Estrelita and Edgar Jacob removed this unlawful-detainer action to this Court. (ECF No. 1.) Having carefully considered the papers filed in conjunction with the Defendants' Notice, the Court **REMANDS** this case to the San Bernardino Superior Court for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A federal court has original

jurisdiction over cases asserting a federal question or diversity jurisdiction. *Id.* §§ 1331, 1332; *Transmission Agency of N. Cal. v. Sierra Pacific Power Co.*, 295 F.3d 918, 924.  A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction.  28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A plaintiff may therefore avoid federal jurisdiction by relying exclusively on state law, since "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)).

A case removed from state court should be remanded if it appears that it was removed improvidently.  28 U.S.C. § 1447(c).  Because the "removal statutes are strictly construed against removal," doubts about removal must be resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Defendants premise their removal solely on federal-question grounds.  But on its face, Plaintiffs' state-law unlawful-detainer Complaint does not present a federal question. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011); *see also IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where

plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

The Defendants allege that this Court has federal-question jurisdiction because they "believed that the Assignment of Deed of Trust are fraudulent and questionable." (Not. of Removal 4.) But this does not present a federal question. Further, the underlying issue in this case is not an alleged violation of federal law. Rather, Plaintiffs brought an unlawful-detainer action against Defendants as the result of a completed trustee's sale. (Compl. ¶ 9.) An unlawful-detainer action is a purely a creature of state—not federal—law. *Galileo Fin. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Any federal defense Veliz Defendants raise is irrelevant with regard to jurisdiction. *Vaden*, 556 U.S. at 60; *Hunter*, 582 F.3d at 1042–43. Therefore, the Court does not have jurisdiction over this case.

As best as the Court can construe, Defendants seem to assert that the Court has also has diversity jurisdiction under § 1332. But diversity jurisdiction does not exist in this matter. Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

The amount in controversy here does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). Regarding actions seeking declaratory or injunctive relief, "it is well established that the amount in controversy is

measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  And in unlawful-detainer actions, the title to the property is not the object of the litigation—only the right to possession.  *See Evans v. Super. Ct.*, 67 Cal. App. 3d 162, 170 (1977).  The amount in controversy in an unlawful-detainer action is therefore determined by the amount of damages sought in the complaint—here, less than $6,000—not by the value of the subject property.  *Id.*  The amount in controversy therefore does not exceed the diversity jurisdiction threshold of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332, 1441(b); *see also Evans*, 67 Cal. App. 3d at 170.

The Court therefore finds that it lacks subject-matter jurisdiction and **REMANDS** this action to the Superior Court of California, San Bernardino County, 17780 Arrow Highway, Fontana, California 92335, case number UDFS1304686.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

December 4, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**